Charles H. Chevalier
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevailer@gibbonslaw.com

Christine A. Gaddis
GIBBONS P.C.
141 West Front Street, Suite 240
Red Bank, New Jersey 07701
(732) 704-5801
cgaddis@gibbonslaw.com

*Attorneys for Plaintiff*
*American Regent, Inc.*

OF COUNSEL:

Dennies Varughese, Pharm. D.
Uma Everett (*pro hac vice* to be filed)
Adam LaRock (*pro hac vice* to be filed)
Alex Alfano (*pro hac vice* to be filed)
Ryan Conkin (*pro hac vice* to be filed)
Sterne, Kessler, Goldstein & Fox P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
ueverett@sternekessler.com
alarock@sternekessler.com
aalfano@sternekessler.com
rconkin@sternekessler.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN REGENT, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> MEITHEAL PHARMACEUTICALS, INC. and KINDOS PHARMACEUTICALS CO., LTD, <br><br> *Defendant.* | Civil Action No. 25-1278 <br><br> (Filed Electronically) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff American Regent, Inc. ("ARI" or "Plaintiff"), by its undersigned attorneys, for its

Complaint against Defendants Meitheal Pharmaceuticals, Inc. ("Meitheal") and Kindos

Pharmaceuticals Co., LTD ("Kindos") (collectively, "Defendants") alleges as follows:

## NATURE OF THIS ACTION

1.      This is an action for patent infringement under the patent laws of the United States,

35 U.S.C. § 100 *et. seq.*, arising from Defendants' submission to the United States Food and Drug

Administration ("FDA") of Abbreviated New Drug Application No. 219472 ("the ANDA") which

contains a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food,

Drug, and Cosmetic Act ("Paragraph IV Certification") seeking approval to engage in the

commercial manufacture, use, sale, and/or importation a generic version of ARI's Selenious Acid

products ("the ANDA Product") prior to the expiration of United States Patent No. 11,998,565

("the '565 patent") and 12,150,957 ("the '957 patent") (collectively, the "Asserted Patents").

## THE PARTIES

2.      ARI is a corporation organized and existing under the laws of the State of New

York, with a principal place of business at 5 Ramsey Road, Shirley, New York 11967.

3.      On information and belief, Meitheal is a corporation organized and existing under

the laws of the State of Delaware having a principal place of business at 8700 W. Bryn Mawr

Avenue, Suite 600S, Chicago, Illinois 60631.

4.      On information and belief, Kindos is a corporation organized and existing under

the laws of China having a principal place of business at No. 8-9 Kexin Road, Chengdu Hi-Tech

Comprehensive Bonded Zone, China.

5.      On information and belief, Meitheal is the U.S. Agent for Kindos for the ANDA.

## JURISDICTION AND VENUE

6.      This is a civil action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. § 100 *et. seq.*, and jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a),

2201, and 2202.

2

7.     On information and belief, this Court has personal jurisdiction over Meitheal under the New Jersey state long arm statute and consistent with due process of law because Meitheal has extensive contacts with the State of New Jersey and regularly does business in this Judicial District. Further, Meitheal plans to sell the ANDA Product in the State of New Jersey, which provides an independent basis for personal jurisdiction here.

8.     On information and belief, this Court has personal jurisdiction over Kindos under the New Jersey state long arm statute and consistent with due process of law, because Kindos has extensive contacts with the State of New Jersey and regularly does business in this Judicial District. Further, Kindos plans to sell the ANDA Product in the State of New Jersey, which provides an independent basis for personal jurisdiction here.

9.     This Court has personal jurisdiction over Meitheal because it has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contact with the State of New Jersey. On information and belief, Meitheal regularly and continuously transacts business within New Jersey, including by making pharmaceutical products for sale in New Jersey and selling pharmaceutical products in New Jersey. On information and belief, Meitheal derives substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey.

10.    This Court has personal jurisdiction over Kindos because it has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contact with the State of New Jersey. On information and belief, Kindos regularly and continuously transacts business within New Jersey, including by making pharmaceutical products for sale in New Jersey and selling pharmaceutical products in New Jersey. On information and

belief, Kindos derives substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey.

11.    On information and belief, Meitheal and Kindos work in concert with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in this Judicial District.

12.    On information and belief, Meitheal is the United States agent acting at the direction of, and for the benefit of, Kindos regarding the ANDA.

13.    This Court has personal jurisdiction over Defendants because Defendants have purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contact with the State of New Jersey. On information and belief, Defendants regularly and continuously transact business within New Jersey, including by making pharmaceutical products for sale in New Jersey and selling pharmaceutical products in New Jersey. On information and belief, Defendants derive substantial revenue from the sale of those products in New Jersey and has availed itself of the privilege of conducting business within New Jersey.

14.    This Court has personal jurisdiction over Defendants because, on information and belief, Defendants derive substantial revenue from directly or indirectly selling generic pharmaceutical products and/or pharmaceutical ingredient(s) used in generic pharmaceutical products sold throughout the United States, including in this Judicial District.

15.    This Court has personal jurisdiction over Defendants because, *inter alia,* Defendants have committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intend a future course of conduct that includes acts of patent infringement in New Jersey. These acts have led and will lead to foreseeable harm and injury to ARI in New Jersey. Further, on information and belief, following approval of the ANDA, Defendants will make, use, import, sell, and/or offer

for sale the ANDA Product in the United States, including in New Jersey, prior to the expiration of the Asserted Patents.

16.     In the alternative, this Court has personal jurisdiction over Kindos because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as: (a) ARI's claims arise under federal law; (b) Kindos is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Kindos has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting an ANDA to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Kindos satisfies due process.

17.     Venue is further proper in this Court under 28 U.S.C. §§ 1391 and/or 1400(b).

18.     On information and belief, venue is proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b) at least because Meitheal has committed and will commit further acts of infringement in New Jersey. In addition, Meitheal does business in New Jersey through a permanent and continuous presence in the State of New Jersey. Upon information and belief, if Meitheal succeeds in obtaining FDA approval of the ANDA, Meitheal will sell the ANDA Product in the State of New Jersey.

19.     On information and belief, venue is further proper in this Judicial District under 28 U.S.C. §§ 1391 and 1400(b) at least because Kindos is a foreign company not residing in any United States judicial district and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

20.     On information and belief, Defendants have committed acts of infringement under the meaning of 28 U.S.C. § 1400(b) by submitting the ANDA to the FDA, by taking steps indicating its intent to market the ANDA Product in New Jersey, and by the acts that it non-speculatively intends to take in New Jersey if the ANDA receives final FDA approval.

21.     As set forth above, on information and belief, if the ANDA is approved, Defendants intend to commit acts of patent infringement in New Jersey, including marketing, distributing, offering for sale, and/or selling the ANDA Product.

## BACKGROUND

22.     ARI holds New Drug Application ("NDA") No. 209379 for Selenious Acid ((1) eq. 600 mcg Selenium/10 mL (eq. 60 mcg Selenium/mL), (2) eq. 60 mcg Selenium/mL (eq. 60 mcg Selenium/mL),  and (3) eq. 12 mcg Selenium/2 mL (eq. 6 mcg Selenium/mL)), which was originally approved by the FDA on April 30, 2019, which ARI manufactures and sells in this Judicial District and throughout the United States.

23.     ARI's Selenious Acid products or the use of ARI's Selenious Acid products are covered by one or more claims of the Asserted Patents.

24.     ARI is the owner of the '565 patent, entitled "Trace element compositions, methods of making and use," which was duly and legally issued on June 4, 2024. A copy of the '565 patent is attached as Exhibit A.

25.     The '565 patent has been listed in connection with ARI's Selenious Acid products in the FDA's publication Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book").

26.     As indicated in the Orange Book, the expiration date for the '565 patent is July 1, 2041.

27.     ARI is the owner of the '957 patent, entitled "Trace element compositions, methods of making and use," which was duly and legally issued on November 26, 2024. A copy of the '957 patent is attached as Exhibit B.

28.     The '957 patent has been listed in connection with ARI's Selenious Acid products in the Orange Book.

29.    As indicated in the Orange Book, the patent expiration date for the '957 patent is July 1, 2041.

30.    By letter dated December 30, 2024 (the "Notice Letter"), Defendants notified ARI that, pursuant to the Federal Food, Drug, and Cosmetic Act, Defendants had submitted the ANDA with a Paragraph IV Certification to the FDA to seek approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of a generic version of ARI's Selenious Acid product (eq. 600 mcg Selenium/10 mL (eq. 60 mcg Selenium/mL)), prior to the expiration of the Asserted Patents.

31.    On information and belief, as indicated in the Notice Letter, the ANDA Product is a generic version of ARI's Selenious Acid product (eq. 600 mcg Selenium/10 mL (eq. 60 mcg Selenium/mL)), as its reference listed drug, containing the same or equivalent ingredients in the same or equivalent amounts and will be indicated for use in the same or equivalent manner.

32.    In the Notice Letter, Defendants disclosed that the ANDA Product is Selenious Acid Injection, USP, (600 mcg Selenium/10 mL (60 mcg/mL)).

33.    On information and belief, the ANDA Product contains the same or equivalent ingredients in the same or equivalent amounts as ARI's Selenious Acid product (eq. 600 mcg Selenium/10 mL (eq. 60 mcg Selenium/mL)).

34.    On information and belief, the ANDA Product will feature the same or equivalent chemical and therapeutic properties as ARI's Selenious Acid products.

## COUNT I: INFRINGEMENT OF THE '565 PATENT

35.    ARI realleges paragraphs 1–34 as if fully set forth herein.

36.    Defendants' submission of the ANDA with a Paragraph IV Certification to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product in or into the United States, prior to the expiration of the '565 patent,

7

constitutes direct and indirect infringement of the '565 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

37.    On information and belief, the ANDA Product, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Defendants or on their behalf, and will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which will constitute direct infringement by patients and/or medical practitioners of one or more claims of the '565 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. On information and belief, the administration of the ANDA Product will occur with Defendants' specific intent and encouragement, and will constitute conduct that Defendants know or should know will occur. On information and belief, Defendants will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of ARI's rights under the '565 patent.

38.    On information and belief, Defendants' manufacture, use, offer for sale, sale, and/or importation of the ANDA Product, once the ANDA with a Paragraph IV Certification is approved by the FDA, would constitute direct infringement under 35 U.S.C. § 271(a), induced infringement under 35 U.S.C. § 271(b), and/or contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the '565 patent, either literally or under the doctrine of equivalents. On information and belief, Defendants intend that the ANDA Product be used by patients and medical professionals. Also, on information and belief, Defendants know that the ANDA Product is especially made or adapted for use in infringing the '565 patent, and that the ANDA Product is not suitable for substantial non-infringing use.

39.    ARI will be irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the ANDA Product in or into the United States, and are not enjoined from doing so. ARI is entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of the ANDA be a date that is not earlier than the expiration date of the '565 patent, or any later expiration of exclusivity for the '565 patent to which ARI is or becomes entitled, and an injunction against such infringement. ARI does not have an adequate remedy at law.

40.    Defendants have had knowledge of the '565 patent since at least the date Defendants submitted the ANDA with a Paragraph IV Certification and were aware that submission of the ANDA with a Paragraph IV Certification constituted an act of infringement under 35 U.S.C. § 271(e)(2).

41.    This case is "exceptional," and ARI is entitled to an award of reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT II: INFRINGEMENT OF THE '957 PATENT

42.    ARI realleges paragraphs 1–41 as if fully set forth herein.

43.    Defendants' submission of the ANDA with a Paragraph IV Certification to obtain approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of the ANDA Product in or into the United States, prior to the expiration of the '957 patent, constitutes direct and indirect infringement of the '957 patent pursuant to 35 U.S.C. § 271(e)(2)(A), either literally or under the doctrine of equivalents.

44.    On information and belief, the ANDA Product, if approved by the FDA, will be manufactured, used, offered for sale, sold, and/or imported in or into the United States by Defendants or on their behalf, and will be administered by patients and/or medical practitioners in the United States according to the directions and instructions in the proposed package insert, which

will constitute direct infringement by patients and/or medical practitioners of one or more claims of the '957 patent, under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents. On information and belief, the administration of the ANDA Product will occur with Defendants' specific intent and encouragement, and will constitute conduct that Defendants know or should know will occur. On information and belief, Defendants will actively induce, encourage, aid, and abet that conduct by patients and/or medical practitioners, with knowledge and specific intent that the conduct will be in contravention of ARI's rights under the '957 patent.

45.     On information and belief, Defendants' manufacture, use, offer for sale, sale, and/or importation of the ANDA Product, once the ANDA with a Paragraph IV Certification is approved by the FDA, would constitute direct infringement under 35 U.S.C. § 271(a), induced infringement under 35 U.S.C. § 271(b), and/or contributory infringement under 35 U.S.C. § 271(c) of one or more claims of the '957 patent, either literally or under the doctrine of equivalents. On information and belief, Defendants intend that the ANDA Product be used by patients and medical professionals. Also, on information and belief, Defendants know that the ANDA Product is especially made or adapted for use in infringing the '957 patent, and that the ANDA Product is not suitable for substantial non-infringing use.

46.     ARI will be irreparably harmed if Defendants are permitted to make, use, sell, offer to sell, and/or import the ANDA Product in or into the United States, and a not enjoined from doing so. ARI is entitled to relief provided by 35 U.S.C. §§ 271(e)(4) and/or 283, including an order of this Court that the effective date of approval of the ANDA be a date that is not earlier than the expiration date of the '957 patent, or any later expiration of exclusivity for the '957 patent to which ARI is or becomes entitled, and an injunction against such infringement. ARI does not have an adequate remedy at law.

47.     This case is "exceptional," and ARI is entitled to an award of reasonable attorneys'

fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, ARI prays that this Court grant the following relief:

(a)     A judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed

at least one claim of the Asserted Patents through Defendants' submission of the ANDA with a

Paragraph IV Certification to the FDA seeking approval to commercially manufacture, use, offer

for sale, sell, and/or import within or into the United States the ANDA Product before the

expiration of the Asserted Patents;

(b)     A judgment under 35 U.S.C. §§ 271(a), (b), and/or (c) that Defendants'

commercial manufacture, use, offer for sale, sale, and/or importation within or into the United

States of the ANDA Product before the expiration of the Asserted Patents will infringe, actively

induce infringement, and/or contribute to the infringement of at least one claim of the Asserted

Patents;

(c)     An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective

date of any FDA approval of the ANDA, shall not be earlier than the latest expiration date of the

Asserted Patents, including any extensions and/or additional periods of exclusivity to which ARI

is or becomes entitled;

(d)     The entry of a permanent and/or preliminary injunction enjoining

Defendants, and their affiliates and subsidiaries, and each of their officers, agents, servants, and

employees, from making, having made, using, offering to sell, selling, marketing, distributing, and

importing in or into the United States the ANDA Product, or any product that infringes the

Asserted Patents, or inducing or contributing to the infringement of the Asserted Patents until after

the expiration date of the Asserted Patents, including any extension and/or additional periods of

exclusivity to which ARI is or becomes entitled, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

(e)    The entry of a permanent and/or preliminary injunction enjoining Defendants, and their affiliates and subsidiaries, and each of their officers, agents, servants, and employees, from seeking, obtaining, or maintaining approval of the ANDA until the expiration of the Asserted Patents, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

(f)    Damages or other monetary relief to ARI if Defendants engage in commercial manufacture, use, offers to sell, sale, and/or importation in or into the United States of the ANDA Product prior to the expiration of the Asserted Patents, including any extensions and/or additional periods of exclusivity to which ARI is or becomes entitled;

(g)    A finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding ARI its attorney's fees incurred in this action; and

(h)    Such further relief as this Court deems proper and just.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues triable to a jury. Specifically, Plaintiff demands a jury trial in the event that there is a launch at risk and damages are in issue.

Dated: February 14, 2025

By: s/ Charles H. Chevalier
Charles Chevalier
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4611
cchevailer@gibbonslaw.com

Christine A. Gaddis
GIBBONS P.C.
141 West Front Street, Suite 240

Red Bank, New Jersey 07701
(732) 704-5801
cgaddis@gibbonslaw.com

OF COUNSEL:

Dennies Varughese, Pharm. D.
Uma Everett (*pro hac vice* to be filed)
Adam LaRock (*pro hac vice* to be filed)
Alex Alfano (*pro hac vice* to be filed)
Ryan Conkin (*pro hac vice* to be filed)
Sterne, Kessler, Goldstein & Fox P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600
dvarughese@sternekessler.com
ueverett@sternekessler.com
alarock@sternekessler.com
aalfano@sternekessler.com
rconkin@sternekessler.com

*Attorneys for Plaintiff*
*American Regent, Inc.*

13